IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER QUINN BUCKMAN-FALDUTI, a minor, by and through his guardian ad litem MICHELLE RALEIGH; THERESA BUCKMAN-FALDUTI; AND TODD FALDUTI,<br><br>        Plaintiffs,<br><br>   v.<br><br>KINDERCARE LEARNING CENTERS, INC.,<br><br>        Defendant.<br>_____/ | No. 08-4778 CW<br><br>ORDER DENYING MOTION FOR CHANGE OF VENUE |

On December 12, 2008, Defendant KinderCare filed a Motion to Transfer Venue pursuant to 28 U.S.C. section 1404(a).  Plaintiffs oppose the motion.  Having considered the papers submitted and the applicable law, the Court denies KinderCare's Motion to Transfer Venue.

BACKGROUND

This case is in federal court on diversity jurisdiction. Plaintiffs are citizens of California, and Defendant KinderCare is a Delaware corporation which does business in Washington State. The following facts are alleged in the complaint in this action. Plaintiff Theresa Buckman-Falduti (Buckman-Falduti) began her employment as a day care worker with Defendant KinderCare in Vancouver, Washington in April, 2007.  Buckman-Falduti learned she was pregnant on May 30, 2007 and within a few days informed her supervisors that she was pregnant.

Buckman-Falduti became extremely ill in late July, 2007 while she was working at the Vancouver KinderCare. At that time her doctors did not identify the cause of her illness. In August, 2007, Plaintiff Todd Falduti's employment was transferred to California. Declaration of Theresa Falduti at ¶ 5. Buckman-Falduti transferred her employment to the KinderCare center in Antioch, California.

Once in California, Buckman-Falduti discovered that her fetus had severe abnormalities. The complaint alleges that tests revealed that these abnormalities had been caused by Buckman-Falduti having contracted Cytomegalovirus (CMV) during her employment at KinderCare in Vancouver, Washington.

Plaintiff Hunter Quinn Buckman-Falduti (Hunter) was born in January, 2008. He suffers from a variety of extensive and complex medical conditions including seizure disorders. Plaintiffs filed this action on October 17, 2008 in the United States District Court for the Northern District of California. The complaint alleges three state law causes of action under Washington law: two for negligence and one for loss of consortium. The first negligence cause of action alleges that Defendant breached duties imposed upon it by Washington law and regulations to provide employees with training on health policies and procedures.

Defendant has now brought a motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for

the Western District of Washington.

LEGAL STANDARD

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A motion for transfer under section 1404(a) is addressed to the sound discretion of the trial court. That discretion requires "an individualized case by case consideration of convenience and fairness." DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005).

The party moving for a transfer under section 1404(a) bears the burden of showing that transfer is appropriate. Costco Wholesale Corp. v. Liberty Mutual Ins. Co., 472 F. Supp. 2d 1183, 1189 (S.D. Cal. 2007). An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. E & J Gallo Winery v. F.&P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). Plaintiffs' choice of forum is generally given great weight. DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp. 2d at 1088; Radisson Hotels International, Inc. v. Westin Hotel Company, 931 F. Supp. 638, 641 (D. Minn. 1996).

In order to sustain its burden, the moving party must show,

3

among other things, that "transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." Costco, 472 F. Supp. 2d at 1189-1190. "Transfer is inappropriate where it would merely shift rather than eliminate the inconvenience." Id. at 1195; Copeland Corp. v. Choice Fabricators, Inc., 492 F. Supp. 2d 783, 789 (S.D. Ohio 2005).

DISCUSSION

Neither party contests that the action could have been brought in the Western District of Washington and therefore could be venued there. Defendant's motion for change of venue is predicated on asserted inconvenience to witnesses for the defense. Defendant argues that most or all of the material witnesses reside or work in Western Washington, and are subject to compulsory service there, not in California. Defendant further asserts that litigating Plaintiffs' claims in the Northern District of California would be significantly more costly than doing so in Washington.

Plaintiffs counter that while Defendant's witnesses may be in Washington, almost all of Plaintiffs' witnesses are located here in California. Additionally, Plaintiffs argue that Defendant's "conclusory statements and arguments regarding the relative inconvenience of the parties and witnesses are insufficient to meet the moving party's burden." Costco, 472 F. Supp. 2d at 1193 (moving party must support its motion for transfer with supporting

4

affidavits which name the witnesses, state their location, and explain their testimony and its relevance). This issue is not a mere formality but has the affect of advising the Court whether the witnesses are employees of the defendant. The testimony of employees of the defendant can be obtained because a party can compel the testimony of its employees at trial. Id.

In response, Defendant has presented a declaration which asserts that it has seven witnesses with particular knowledge of its health and safety policies for the Vancouver center, and pertinent information about Buckman-Falduti's employment. Reply Decl. of Troy Hall at ¶¶1, 3-9. Of those seven witnesses, six are current employees of Defendant and therefore their presence could be compelled at trial. Additionally, three of the six are located in Oregon, not within the jurisdiction of the Western District of Washington.

In contrast, Plaintiffs' witnesses are the physicians who treated Buckman-Falduti when she was pregnant, and the physicians with knowledge about Hunter's medical condition. None of these witnesses is subject to the compulsory process of the Western District of Washington.

Defendant acknowledges that the Court must give deference to Plaintiffs' choice of forum. However, Defendant cites Pacific Car and Foundry Co., 403 F.2d 949, 954 (9th Cir. 1968) for the proposition that the plaintiffs' choice of venue is to be given

5

minimal consideration where the events giving rise to the action did not take place in the selected forum.  The facts of <u>Pacific Car</u> are easily distinguished from the current case.  In <u>Pacific Car</u>, the court found that the plaintiff made "no showing worth mentioning that its own convenience would be served by its choice of forum," leaving the court with "a choice of forum supported only by the fact that it was chosen."  <u>Id</u>.  Such is not the case here.  Hunter's medical condition was diagnosed in the Northern District, his birth occurred here and his medical treaters are all here.

   Additionally, in considering the convenience of the parties, the Court is mindful of Hunter's medical condition and its impact upon the other Plaintiffs.  As the Declaration of Theresa Buckman-Falduti sets out in detail, Hunter's medical condition makes it impractical and potentially dangerous for him to travel.  Nor could Buckman-Falduti be away from him for lengthy periods of time, because she is his primary care-giver.  Plaintiffs assert that they do not have the financial resources to travel outside of California and provide medical care to their son.  Falduti Decl. at ¶ 5.  While Defendant has offered to take the depositions of Plaintiffs here in Northern California, major inconvenience to witnesses on both sides would occur in the event that the action were to proceed to trial.

   Giving careful consideration to the availability of witnesses, the relative burdens and costs, the Court finds that

Defendant does not meet its heavy burden of demonstrating that the interests of justice favor a transfer away from Plaintiffs' chosen forum.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES KinderCare's motion to transfer venue (Docket No. 12).

IT IS SO ORDERED.

Dated: 2/2/09 

CLAUDIA WILKEN
United States District Judge